09-0217-ag
NLRB v. Iovine

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 30th day of March, two thousand ten.

PRESENT:  ROBERT D. SACK,
          REENA RAGGI,
          PETER W. HALL,
                    *Circuit Judges.*

---------------------------------------------------------------------

NATIONAL LABOR RELATIONS BOARD,
                    *Petitioner*,

                    v.                                No. 09-0217-ag

EUGENE IOVINE, INC.,
                    *Respondent.*

---------------------------------------------------------------------

APPEARING FOR PETITIONER:    ELIZABETH A. HEANEY (Ronald Meisburg, General Counsel, John E. Higgins, Jr., Deputy General Counsel, John H. Ferguson, Associate General Counsel, Linda Dreeben, Deputy Associate General Counsel, Meredith Jason, Supervisory Attorney, *on the brief*), National Labor Relations Board, Washington, D.C.

APPEARING FOR RESPONDENT:    ROGER S. KAPLAN (Steven S. Goodman, *on the brief*), Jackson Lewis LLP, Melville, New York.

UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that the National Labor Relations Board's petition for enforcement is GRANTED.

The National Labor Relations Board ("Board" or "NLRB") petitions for enforcement of its September 30, 2008 order ruling that respondent Eugene Iovine, Inc. ("Iovine"), violated sections 8(a)(1) and (5) of the National Labor Relations Act (the "NLRA" or "Act"), 29 U.S.C. §§ 158(a)(1), (5), by unilaterally firing employees without first providing their union with timely notice and an opportunity to bargain over the layoffs. Iovine, an electrical contractor, opposes enforcement on the grounds that the Board (1) had no authority to decide the case because it lacked a quorum; (2) irrationally ignored evidence of Iovine's past practice of notifying an employee benefit fund following layoffs; (3) erred, in any event, in concluding that Iovine failed to provide timely notice to the union; and (4) imposed an arbitrary remedial order unwarranted by the alleged violation. We assume the parties' familiarity with the facts and record of prior proceedings, which we reference only as necessary to explain our decision to grant the Board's petition.

1.     Standards and Scope of Review

Under our highly deferential review of NLRB orders, see International Union, United Auto., Aerospace, and Agric. Implement Workers of Am. v. NLRB, 520 F.3d 192, 196 (2d Cir. 2008), we uphold the Board's findings of fact "if supported by substantial evidence and

2

[its] legal determinations if not arbitrary and capricious," Cibao Meat Prods., Inc. v. NLRB, 547 F.3d 336, 339 (2d Cir. 2008) (internal quotation marks omitted). Congress has delegated to the Board primary responsibility for determining the scope of an employer's statutory duty to bargain, and we will affirm the Board's statutory construction so long as it is "reasonably defensible." Ford Motor Co. v. NLRB, 441 U.S. 488, 497 (1979); see also NLRB v. Town & Country Elec., Inc., 516 U.S. 85, 89-90 (1995) (observing that we afford "a degree of legal leeway" to Board interpretations of NLRA).

Because the Board adopted the ALJ's findings of fact and conclusions of law in part, we review both the ALJ's opinion and the Board's. See NLRB v. Special Touch Home Care Servs., Inc., 566 F.3d 292, 297 (2d Cir. 2009).

2.      Quorum Challenge

Iovine's argument that the Board lacked the quorum necessary to issue a valid order is foreclosed by Snell Island SNF LLC v. NLRB, 568 F.3d 410 (2d Cir. 2009), in which this court held that two members of the Board may issue enforceable decisions. Here, as in Snell, two active Board members issued the challenged order, acting as a quorum of the three-member group to which the Board had previously delegated all of its powers, as permitted by the Act. See 29 U.S.C. § 153(b). Accordingly, we consider the merits of the Board's petition.

3

3.  The Alleged Violation and Iovine's Defenses

a.  The Duty to Bargain

It is well-established that where, as here, an employer and a representative union are negotiating toward a collective bargaining agreement pursuant to section 8(a)(5) of the NLRA, the employer may not "alter terms and conditions of employment without first giving notice to and conferring in good faith with the union." Firch Baking Co. v. NLRB, 479 F.2d 732, 735 (2d Cir. 1973). Such unilateral action "amount[s] to a refusal to negotiate about the affected conditions of employment under negotiation, and must of necessity obstruct bargaining, contrary to the congressional policy." NLRB v. Katz, 369 U.S. 736, 747 (1962); see also Olivetti Office U.S.A., Inc. v. NLRB, 926 F.2d 181, 186 (2d Cir. 1991) (observing that economically motivated action by employer that does not cause "change in basic business operations . . . is subject to mandatory bargaining"); In re Tri-Tech Servs., Inc., 340 N.L.R.B. 894, 894 (2003) ("It is well established that the layoff of unit employees is a change in terms and conditions of employment over which an employer must bargain.").

b.  Past Practice Exception

Iovine submits that the Board irrationally rejected its argument that an established practice of notifying a benefit fund administrator following layoffs relieved it of any obligation to provide advance notice to the Union. See The Courier-Journal, 342 N.L.R.B. 1093, 1094 (2004) (observing that "unilateral change made pursuant to a longstanding

4

practice is essentially a continuation of the status quo – not a violation of Section 8(a)(5)").

We disagree. The Board concluded that "[a]bsent evidence of when or how frequently or

under what circumstances the asserted unilateral layoffs occurred," Eugene Iovine, Inc., 353

N.L.R.B. No. 36, slip op. at 1 (Sept. 30, 2008), vague testimony from Iovine's president that

the practice was in place from 1971 to 1998 was insufficient to demonstrate that "employees

could reasonably expect [it] to continue or reoccur on a regular and consistent basis,"

Sunoco, Inc., 349 N.L.R.B. 240, 244 (2007). This conclusion, grounded in the record, cannot

be deemed irrational. See Salmon Run Shopping Ctr. LLC v. NLRB, 534 F.3d 108, 113 (2d

Cir. 2008) (observing that reversal based on factual findings is warranted only if "no rational

trier of fact could reach the conclusion drawn by the Board" (internal quotation marks

omitted)).

c.    Timely Notice and Economic Necessity

Iovine next submits that the notice it provided, generally within a week of each layoff,

was sufficient to meet its obligations under the Act in light of the exigent circumstances

beyond its control that caused the layoffs – specifically, inclement weather or last-minute

logistical problems precluding electrical work at a given job site and requiring prompt action

lest workers sit idle at high cost to the company. We are not persuaded. First, "[t]o be

timely, the notice must be given sufficiently in advance of actual implementation of the

change to allow a reasonable opportunity to bargain." Ciba-Geigy Pharms. Div., 264

5

N.L.R.B. 1013, 1017 (1982); see also In re Pontiac Osteopathic Hosp. & Int'l Union, 336 N.L.R.B. 1021, 1023 (2001) (observing that notice must be provided under circumstances allowing "reasonable opportunity for counter arguments or proposals" (internal quotation marks omitted)). No such advance notice was provided in this case. Further, the business emergency exception to the Act's bar against unilateral employment action is limited to "extraordinary events," and, "[a]bsent a dire financial emergency, . . . economic events such as loss of significant accounts or contracts, operation at a competitive disadvantage, or supply shortages do not justify unilateral action." Cibao Meat Prods., Inc. v. NLRB, 547 F.3d at 340 (internal quotation marks omitted); see also Duffy Tool & Stamping, L.L.C. v. NLRB, 233 F.3d 995, 997 (7th Cir. 2000) (describing exception as requiring immediate action to "stave off disaster"). The record reveals no such extraordinary event or imminent disaster in this case.[1]

Accordingly, we conclude that the Board reasonably determined that Iovine violated sections 8(a)(1) and (5) of the Act by failing to provide adequate notice and an opportunity to bargain over the challenged layoffs.

---

[1] While Iovine was not relieved of its duty to provide adequate notice and an opportunity to bargain, employers facing circumstances such as those at issue here are not without recourse. Where exigent circumstances fall short of dire emergency but nevertheless require prompt action, "the amount of time and discussion required to meet a bargaining obligation" varies depending on the context. RBE Elecs. of S.D., Inc., 320 N.L.R.B. 80, 82 (1995). Unilateral action is permitted once the parties reach impasse, and bargaining "need not be protracted." Id.

6

4. <u>The Remedial Order</u>

Finally, Iovine submits that the Board's remedial order awarding back pay and reinstatement was unwarranted. We will overturn a remedy imposed by the Board only where it is proven to be "a patent attempt to achieve ends other than those which can fairly be said to effectuate the policies of the Act." <u>NLRB v. Fugazy Cont'l Corp.</u>, 817 F.2d 979, 982 (2d Cir. 1987) (quoting <u>Virginia Elec. & Power Co. v. NLRB</u>, 319 U.S. 533, 540 (1943)). We detect no departure from the purposes of the Act in the Board's order that Iovine compensate fired employees for earnings and other benefits lost as a result of the unlawful layoffs. <u>See, e.g.</u>, <u>NLRB v. Mastro Plastics Corp.</u>, 354 F.2d 170, 175 (2d Cir. 1965).

We have considered all of Iovine's remaining arguments in opposition to the Board's petition and conclude that they are without merit. Accordingly, we GRANT the NLRB's application for enforcement of its September 30, 2008 order.

FOR THE COURT:
CATHERINE O'HAGAN WOLFE, Clerk of Court