Public Employee Labor Relations Board
No. 2011-639

APPEAL OF NEW HAMPSHIRE DEPARTMENT OF CORRECTIONS
(New Hampshire Public Employee Labor Relations Board)

Argued: September 13, 2012
Opinion Issued: October 30, 2012

*Nolan Perroni Harrington, LLP*, of Lowell, Massachusetts (*Kevin E. Buck* on the brief and orally), for the petitioner.

*Michael A. Delaney*, attorney general (*Lynmarie C. Cusack*, assistant attorney general, on the brief and orally), for the respondent.

DALIANIS, C.J. The respondent, the New Hampshire Department of Corrections (DOC), appeals an order of the New Hampshire Public Employee Labor Relations Board (PELRB) finding that the DOC had a valid and binding past practice of compensating employees for their time spent completing a mandatory fitness test, and that by changing this past practice unilaterally, the DOC committed an unfair labor practice. We reverse and remand.

The PELRB found, or the record supports, the following facts. The dispute in this case relates to physical fitness testing requirements that apply to certain DOC employees. In December 2010, the petitioner, the New England Police Benevolent Association, Local 250 (Union), filed an unfair labor practice complaint against the DOC asserting that the DOC's directive that such testing must be accomplished on the employee's own time without work release or compensatory time was a unilateral change of a binding past practice. The Union alleged that since 2001, the DOC had either allowed employees to complete the physical fitness test during their work shift or had awarded such employees compensatory time if the test was completed during the employee's non-work time. The Union averred that the change in the past practice constituted a change in a term and condition of employment. Accordingly, the Union asserted that by changing the practice unilaterally, the DOC breached its duty of bargaining in good faith. The PELRB found in the Union's favor, and this appeal followed.

To succeed on appeal, the DOC must show that the PELRB's decision is unlawful or clearly unreasonable. *Appeal of City of Laconia*, 150 N.H. 91, 93 (2003); *see* RSA 541:13 (2007). "We review for errors of law without deference to the PELRB's rulings. The PELRB's findings of fact are

presumptively lawful and reasonable, but we require that the record support the PELRB's determinations." *Appeal of City of Laconia*, 150 N.H. at 93 (quotation and brackets omitted).

The DOC first argues that the record does not support the PELRB's finding of a past practice. We agree.

■ "An employer's practices, even if not required by a collective-bargaining agreement, which are regular and long-standing, rather than random or intermittent, become terms and conditions of [union] employees' employment, which cannot be altered without offering their collective-bargaining representative notice and an opportunity to bargain over the proposed change." *Sunoco, Inc.*, 349 N.L.R.B. 240, 244 (2007); *see University System v. State*, 117 N.H. 96, 99 (1977) (suggesting that newly created PELRB look to decisions of the National Labor Relations Board for guidance). "A practice need not be universal to constitute a term or condition of employment, as long as it is regular and longstanding." *Sunoco, Inc.*, 349 N.L.R.B. at 244.

■ As the party alleging an established past practice, the Union had the burden of proof on this issue. *Eugene Iovine, Inc.*, 353 N.L.R.B. 400, 400 (2008), *petition for enforcement granted by* 371 Fed. Appx. 167 (2d Cir.), *vacated on other grounds by* 131 S. Ct. 458 (2010). To meet this burden, the Union had to show that the alleged practice "occurred with such regularity and frequency that employees could reasonably expect [it] to continue or reoccur on a regular or consistent basis." *Caterpillar, Inc.*, 355 N.L.R.B. 521, 522 (2010) (quotations omitted). In addition, "[i]t is implicit in establishing a past practice that the party which is being asked to honor it" — here, the DOC — "be aware of its existence." *BASF Wyandotte Corp.*, 278 N.L.R.B. 173, 180 (1986).

■ "The record here falls short of such a showing." *Caterpillar, Inc.*, 355 N.L.R.B. at 522. The Union's sole witness testified that he did not know how many DOC employees had been given time off to complete physical fitness testing or had been awarded compensatory time if such testing occurred during their non-work time. The Union also failed to present any documents to support its claims, such as leave slips. *See* Mittenthal, *Past Practice and the Administration of Collective Bargaining Agreements*, 59 MICH. L. REV. 1017, 1022 (1961) (observing that when past practice is alleged, written records "may be the best possible evidence of what took place in the past"). By contrast, the DOC's witness testified that the DOC had no knowledge of a common practice under which employees were given time off to complete physical fitness testing or awarded compensatory time to do so.

Under these circumstances, we conclude that the Union failed to meet its burden of showing that the DOC regularly and consistently either allowed employees to complete physical fitness testing during their work shifts or awarded such employees compensatory time if the testing was done during the employee's non-work time. *See Caterpillar, Inc.*, 355 N.L.R.B. at 522 (without evidence of specific circumstances surrounding prior changes in prescription drug program, including dates on which prior changes occurred, and the number of changes and their frequency, company failed to meet its burden of showing that it had a past practice of making such changes); *Eugene Iovine, Inc.*, 353 N.L.R.B. at 400 (without evidence of when, or how frequently, or under what circumstances the asserted unilateral layoffs occurred, board could not conclude that employer had demonstrated that challenged layoffs were allowed as continuation of established past practice).

Having concluded that the PELRB erred when it found that a past practice existed, we need not address the DOC's alternative contention that the alleged past practice did not involve a mandatory subject of bargaining.

*Reversed and remanded.*

HICKS, CONBOY, LYNN and BASSETT, JJ., concurred.